IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. FITZPATRICK, JR. and | : | CIVIL ACTION |
| MARGARET FITZPATRICK | : | |
| v. | : | |
| | : | |
| THE HOME DEPOT, U.S.A., INC. | : | NO.  06-3624 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                    July            , 2007

Defendant in this negligence action has filed a "Motion to Preclude Certain Hearsay Statements."  Plaintiffs argue that the statements in question are admissible as admissions by the opponent's agent pursuant to Federal Rule of Evidence 801(d)(2)(D).  For the reasons that follow, I find that the statements do not constitute hearsay.  However, without a proper foundation, Plaintiffs have failed to establish the statements are relevant to this action.

I.   Facts

While obtaining drywall from a display in the Home Depot store in Deptford, New Jersey, the Plaintiff, Robert Fitzpatrick, Jr., was allegedly struck by a falling wooden sign over the drywall display.  As a result of the incident, Mr. Fitzpatrick claims to have suffered various head, shoulder, neck, and back injuries, and carpal tunnel syndrome.  In his deposition, Mr. Fitzpatrick testified that some time after the incident he was standing in line to check-out, holding a bag of ice to his face, when a Home Depot employee spoke to him.  The young man, who was standing among a group of five to seven employees, said, "You should sue them. . . . We told them that was a dangerous sign and it should have never have [sic] been put up, but they wouldn't listen to us."  Deposition of Robert J. Fitzpatrick, Jr., 11/16/06, at 127.  According to Mr. Fitzpatrick, the employee also said, "We told them that that sign would fall and hit

somebody.  It should never be up." Id. at 128.  Mr. Fitzpatrick provided a physical description of the man but did not know his name. Id. at 133-34.  Defendant seeks to preclude these statements as hearsay.

II.  Discussion

Pursuant to the hearsay rule, generally an out of court statement offered to prove the truth of the matter asserted is inadmissible at trial.  Fed. R. Evid. 802.  However, Rule 801(d)(2)(D) provides that "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" is not hearsay.  In order for a statement to qualify for admission under Rule 801(d)(2)(D), the party offering the statement must establish (1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that the statement relates to a matter within the scope of the agency.  Pappas v. Middle Earth Condominium Association, 963 F.2d 534, 537 (2d Cir. 1992).

The defense argues that Plaintiff has failed to establish that the declarant was Home Depot's agent or, assuming that the court finds such agency, that the statements related to a matter within the scope of his employment.  Defendant's Motion, at 4; Defendant's Supplemental Memorandum, at 4.  Contrary to Defendant's first contention, I believe Plaintiff has established that the declarant was an agent of Defendant.  At his deposition, Mr. Fitzpatrick identified the declarant as an employee because he was standing near the checkout counter with other employees, and because he wore orange.  Fitzgerald Dep., at 126-27, 128.  Unfortunately, when asked what the declarant's job description was, Plaintiff's answer was cut off by counsel's next question.  Plaintiff responded, "[h]e had a [sic] orange –." Id. at 128.  Because Home Depot

2

employees routinely wear orange smocks, it is a reasonable assumption that Plaintiff intended to complete his response as such, and that Plaintiff will be able to complete this foundational element at trial.

Plaintiff relies on Dudding v. Thorpe, 47 F.R.D. 565, 571 (W.D. Pa. 1969).  In Dudding, the court concluded that "it is not essential that the [declarant's] name be ascertained before her statement is admitted against her employer.  However, the employer should be given information reasonably definite for identification both in order that her authority may be tested and that her authorized statement, if introduced, could be rebutted."  Id.  Plaintiff argues that the description he gave was sufficient to allow Defendant to identify the declarant.  The defense, relying on the deposition testimony of Joseph Centanni, the manager of the Deptford Home Depot, argues that "with 200 employees, the vague description provided by Plaintiff was insufficient" to identify the speaker.  Defendant's Supplemental Memorandum, at 4 (citing Deposition of Joseph Centanni, 3/19/07, at 27).

Defendant's argument is not persuasive.  Although the Deptford Home Depot may have employed 200 people, presumably only some of those people were working on the date and time in question.   Plaintiff gave a physical description of the declarant and said that he was in his late twenties.  Fitzpatrick Dep., at 133-34.  Expending some effort and employing the process of elimination, Defendant could have whittled down the field to identify the declarant.  In addition, Plaintiff testified that the declarant made the statement in a group of five to seven other employees.  Thus, identification of any of these employees could have led to the identification of

3

the declarant.  I conclude that the Plaintiff has identified the declarant with sufficient specificity.[1]

Defendant also contends that Plaintiff has failed to establish that the declarant was speaking on a matter within the scope of his employment.  Defendant argues that "the average store associate is not vested with managerial authority . . .  to make decisions regarding safety issues . . . ."   Defendant's Supplemental Memorandum, at 2.

Store Manager Joseph Centanni's deposition testimony paints the associates' safety duties with a broader brush.  Mr. Centanni stated that he would instruct his employees to look for customer safety issues, including falling merchandise or falling signage.  Centanni Dep., at 15. In addition, the associate safety handbook, which each employee is required to carry, discusses customer safety issues including overhead safety, slip, trip, and fall hazards.  Id. at 19.  Finally, Mr. Centanni identified Managers' and Associates' Safety Reference Guides at his deposition and stated that he went over these guides with new associates.  Id. at 47-48.  Mr. Centanni read from the Guides and explained that Associate Safety Responsibilities included reviewing displays and overheads for safe display/storage of merchandise.  Centanni Dep., at 51.

Because Mr. Centanni's testimony and the Home Depot Employee Guides from which he read included safety responsibilities attributable to the associates, I conclude that the declarant was speaking within the scope of his employment when he relayed his safety concerns to Plaintiff.

That, however, is not the end of my inquiry.  Although I find that the statements Plaintiff seeks to introduce do not constitute hearsay, they are irrelevant and inadmissible on the current

---

[1]Similarly, if Home Depot's investigation revealed that no one matching the description was working at that time, it could challenge the credibility of Mr. Fitzpatrick's testimony on that ground.

state of the record.  This is because Plaintiff has failed to establish that the sign to which the declarant referred was the same sign that allegedly fell on Plaintiff.

In his deposition, Plaintiff testified that the employee who made the statement was not in the area when the sign fell.  Fitzpatrick Dep., at 130.  In addition, moments after the sign fell, another employee came to Plaintiff's aid and stood the sign back up.  Fitzpatrick Dep., at 56-57. There is no evidence that the declarant saw the accident, knew which sign had fallen, or was referring to the drywall sign when speaking to Mr. Fitzpatrick.  To prove his claim, Plaintiff must establish that the sign in question fell due to Defendant's negligence.  Without evidence that the declarant was speaking about that sign, the Plaintiff has failed to establish the relevance of the statement.

III.  Conclusion

Although I find that the statements Defendant seeks to preclude do not constitute hearsay because they are admissions by a party opponent under Rule 801(d)(2)(D), I conclude on the record currently before the court that there is an insufficient foundation to conclude that the statements are relevant.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT J. FITZPATRICK, JR. and :    CIVIL ACTION
MARGARET FITZPATRICK          :
     v.                        :
                                             :
THE HOME DEPOT, U.S.A., INC.    :    NO.  06-3624

**O R D E R**

AND NOW, this            day of July 2007, upon consideration of Defendant's Motion

in Limine to Preclude Certain Hearsay Statements, Plaintiffs' Response, Defendant's Reply, and

for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the

Motion is DENIED.  However, without a proper foundation, the court will preclude the

statements on relevancy grounds.

BY THE COURT:


 /s/Elizabeth T. Hey                        
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE